IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Paula Washington, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-cv-01445-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dillards Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Dillards Inc.'s ("Dillards") Motion for Summary Judgment, ECF No. 24. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This matter arises from an injury that Paula Washington ("Washington") incurred at a Dillards store in Charleston, South Carolina, allegedly due to Dillards' negligence. On or about July 26, 2013, Washington was shopping at a Dillards store. Compl. ¶ 4. She claims that, as she was preparing to check out with her purchases, a round metal rod rolled off the counter, striking her foot. Id. This metal object was an "extender arm" that Dillards attaches to clothing racks in order to hang clothing. Washington alleges that this incident caused her "severe and permanent personal injuries and damages." Id. ¶ 5. She claims that Dillards breached its duties to her as a business invitee and was negligent and reckless in failing to keep the premises in a reasonably safe condition. Id. ¶ 7.

Washington originally filed suit in the Charleston County Court of Common Pleas, and the case was removed on May 5, 2016. ECF No. 1. Per the court's scheduling order, discovery was concluded on January 10, 2018. ECF No. 21. On January 5, 2018,

1

Dillards filed a motion for summary judgment. ECF No. 24. On January 19, 2018, Washington filed her reply. ECF No. 25.

## II. STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III. DISCUSSION

Dillards argues that the court should grant it summary judgment because Washington has not provided evidence that Dillards acted negligently to cause Washington's injuries. Dillards claims that she has failed provide evidence on: (1) who put the metal extender arm on the counter before it fell—a patron or an employee; (2)

2

what caused the arm to fall; (3) whether the arm was covered up or visible on the counter before it fell; or (4) whether Dillards knew or should have known of a problem with falling extender arms prior to this incident. Def.'s Mot. Sum. Judg. at 2, 4. Washington first argues that a jury could infer that Dillards employees saw or should have seen the loose extender arm on the counter. Pl.'s Resp. at 4. She then contends that it should be left for the jury to determine whether Dillards exercised reasonable care in ensuring the safety of its premises. Id.

To bring a successful negligence claim, a plaintiff must demonstrate that (1) the defendant owed her a duty of care, (2) the defendant breached this duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered an injury. Dorrell v. S.C. Dep't of Transp., 361 S.C. 312 (2004). "A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty." Sides v. Greenville Hosp. Sys., 607 S.E.2d 362, 364 (S.C. Ct. App. 2004). Generally, property owners only have a duty to warn invitees of "latent or hidden dangers of which the property owner has or should have knowledge," and are not obligated to warn others of "open and obvious conditions." Id. To recover specifically against a storekeeper for injuries caused by a "dangerous or defective condition" on the premises, a plaintiff "must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729 (S.C. 2001). "Although a merchant is not an insurer of the safety of his

customers, [ ] he owes a duty to keep aisles and passageways in a reasonably safe condition." Id.

The South Carolina Supreme Court has directly addressed a situation in which a store was sued based on premises liability after an item fell on a customer. In Garvin v. Bi-Lo, Inc., 541 S.E.2d 831, 832 (S.C. 2001), a Bi-Lo customer was injured after a display of canned food items, stacked relatively high in the store, came crashing down on her. Garvin v. Bi-Lo, 541 S.E.2d at 832. The only issue before the court was whether Bi-Lo created a dangerous condition by the specific way in which it had stacked the boxes of canned goods. The court found that "[a]bsent evidence of some defective manner of stacking the boxes, or that Bi-Lo was on notice that the stacked cans had become rickety, there is simply no evidence from which a jury could find a dangerous condition was created by Bi-Lo." Id.

Even if a plaintiff fails to prove that the defendant caused a dangerous condition, she will still succeed on her negligence suit if she can prove that the defendant had actual or constructive notice of the condition and did not remedy it. A common line of cases regarding storekeeper premises liability is for slip-and-fall suits. In Nolan v. Seawatch Plantation Master Ass'n, Inc., 2011 WL 5878137, at *1 (D.S.C. Nov. 23, 2011), the plaintiff slipped at fell at the Seawatch resort. The court granted defendants summary judgment because the plaintiff failed to establish that the defendant had actual or constructive notice of water on the floor. The court first noted that "the mere fact that the water was located on the floor" did not establish the defendant's negligence. Nolan, 2011 WL 587813 at *1. The court then determined that the plaintiffs failed to present any evidence or witness testimony that could establish the length of time that the water had

been on the floor.  Id.  The court further found that "the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation."  Id. (citing Wimberly v. Winn–Dixie Greenville, Inc., 165 S.E.2d 627, 629 (S.C.1969) ("The jury should not be permitted to speculate that [the foreign substance] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it.")).  The court ultimately found that the plaintiffs "failed to meet their legal burden of showing that the water had been on the floor for 'a sufficient length of time [such] that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care.'"  Id. at 2 (quoting Gillespie v. Wal-Mart Stores, Inc., 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990)).

The South Carolina Supreme Court employed similar reasoning in Pennington v. Zayre Corp., 165 S.E.2d 695, 696 (S.C. 1969), which involved a plaintiff who had slipped on a plastic bag in a department store.  The plaintiff attempted to use testimony that other plastic bags had been lying on the floor as proof that the defendant was on notice of the particular plastic bag that caused the plaintiff's fall.  However, the court refused to rely on this without any further evidence of the length of time which these alleged hazards had been on the floor.  Id.  The court found that "[t]o hold that the bags had been there sufficiently long that they should have been discovered by the merchant would be pure speculation."  Id.

Similarly in Wilson v. Wal-Mart, Inc., 2016 WL 3086929, at *4 (D.S.C. June 2, 2016), another slip-and-fall case, the plaintiff failed to provide the court with "any evidence showing that the substance was on the floor for a sufficient period of time such that Defendant should have known about it."  There were employees in the area near the

substance on the floor before the incident occurred, yet the court found that such evidence "standing alone, is insufficient to charge Defendant with constructive knowledge of the substance, particularly given the small size of the substance and its proximity to the meat cooler." Id.; see Beish v. Mint Mgmt., Inc., 2006 WL 7285693, at *1 (S.C. Ct. App. Jan. 26, 2006) (finding that "the fact that the alleged dangerous condition was within an employee's field of vision alone is not enough to prove the motel's negligence" after a guest allegedly tripped over a defective wire covering as he entered a hotel).

Here, Dillards, as a merchant, owed Washington the duty of exercising ordinary care to keep its premises in a reasonably safe condition. Thus, Washington must demonstrate that her injury was either caused by a specific act of Dillards that created a dangerous condition, or that Dillards had actual or constructive knowledge of a dangerous condition and failed to remedy it. In regards to the first option, Washington has not presented any evidence that Dillards put the metal rod on the counter or did anything else to create a dangerous condition.

The court must then determine whether Washington, viewing the facts in the light most favorable to her, can establish that Dillards had actual or constructive knowledge of the extender arm's existence on the counter and failed to remedy the hazard. Washington has testified that there was one employee at the check-out counter and another nearby. There has been no evidence presented that these two people, or any other Dillards employee, actually saw the arm extender. The extender appears to have fallen from the table behind the check-out counter that is frequently used by the Dillards sales associates for placing clothing that needs to be put away—often referred to as the cash-wrap

6

counter.  Washington claims that she was simply standing in line at the cash-wrap counter, waiting for the person in front of her to finish purchasing her items, when "all of a sudden, the rod fell on my foot."  Washington Aff'd. 15:4–7, 19:2–13.  In contrast to this narrative, Steve Burcham, the store manager at the time of the incident, claims that Washington told him that she had been digging through the clothes on the cash-wrap counter when the bar fell off and landed on her toe.  Burcham Aff'd. 17:17–20.  Burcham also testified that there were unfolded clothes laid out on the cash-wrap counter.  Id. 52:16–25.  Washington claims that the sales associates should have seen the extender arm on the cash-wrap counter before it fell on her foot and injured her, and that Dillards therefore had constructive knowledge of the defective and dangerous condition.  However, the evidence does not support her claims, and even Washington admitted in her deposition that she never saw the metal bar before it fell and did not notice the presence of any other metal bars on the counter, either before or after the incident.  Washington Aff'd. 60:12–16, 65:14–66:6.

Like in Garvin, Washington has not presented any evidence of "some defective manner of stacking" the items on the cash-wrap counter, or that Dillards was on notice that the arm extender was insecure.  Additionally, in the same way that the courts in Nolan, Pennington, and Wilson required evidence of the length of time that the defective condition had been present before the plaintiff injured herself, the mere fact that the arm extender was located on the cash wrap does not establish that Dillards was negligent, absent any evidence establishing the length of time that the arm extender had been sitting on the cash-wrap counter.  As emphasized by those courts, whether or not the allegedly

defective condition had been present long enough such that Dillards should have discovered it is a matter that should not be left to the speculation of the jury.

Most significantly, neither party has presented any evidence on whether the extender arm was actually visible on the cash wrap or whether it was hidden. If the extender was hidden under clothing, then Dillards could not have had constructive knowledge of its presence and is definitely not liable. Even if the extender arm was visible, "the fact that the alleged dangerous condition was within an employee's field of vision alone is not enough to prove the [defendant's] negligence." Beish, 2006 WL 7285693, at *1. The visibility of a defective condition "standing alone, is insufficient to charge [the defendant] with constructive knowledge" of it. Wilson, 2016 WL 3086929, at *4. Because Washington has not presented any evidence regarding how long the metal rod was present on the counter or whether it was visible, she has failed to demonstrate that Dillards had constructive knowledge of the allegedly defective condition. Thus, she has not put forth sufficient evidence to support her premises liability action.

## IV. CONCLUSION

Based on the above, the court **GRANTS** the motion for summary judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 30, 2018**
**Charleston, South Carolina**